**ASHLEY et al. v. ATLAS MFG. CO. et al.**

Civil Action No. 21298.

District Court of the United States for the District of Columbia.

July 31, 1946.

Order Affirmed Feb. 3, 1948.

See 166 F.2d 209.

Orin de Motte Walker, of Washington, D. C., for plaintiff.

Samuel B. Brown, of Washington, D. C., for defendant.

McGUIRE, Justice.

This matter came on to be heard at pre-trial. There was an informal colloquy as the record indicates, between court and counsel, in which the suggestion of settlement was made and agreed upon between the parties. The Court then directed the official court reporter to make an official record of the terms of settlement, which was done, and which is brief and to the point. It will be noted that counsel for defendants commented upon the fact that the terms of settlement, as dictated by the Court, were correct, and further it will be noted (R.2) that counsel for defendants categorically stated: "I will prepare the release and give him the five thousand." This has not been done.

While as a matter of law it is true, strictly speaking, an attorney has no right, without special authority, to make a compromise for his client, in this case no question was ever raised as to counsel's authority until subsequent to the pre-trial proceeding when counsel for defendants advised counsel for the plaintiff that the releases, embodying the terms of the settlement thus recorded, were not to be executed. The record speaks for itself and this Court is of the opinion that both counsel and client should be bound by the solemn statement thus made in open Court, dictated by the Court to the official court reporter so that there would be no misunderstanding, as to the terms of settlement and not only affirmed by counsel for the defendant but buttressed by his further statement: "I will prepare the release and give him the five thousand." This was a categorical, unambiguous, unequivocal statement which could lead to no other conclusion both in the minds of opposing counsel and the Court, but that counsel had full authority in the premises to negotiate and enter into this settlement. If, as a matter of fact, counsel had no authority, then the resulting difficulty is one that is a matter of adjustment between him and his client. In the meantime, plaintiff has lost his place on the trial calendar, and is presumably prejudiced in other respects.

I find it difficult and am loathe to believe under the circumstances here set forth that counsel should make such a categorical statement without authority and I can only conclude that it is the defendants who now are seeking to avoid consummation of a settlement into which they solemnly entered.